**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5483-16T3

HUDSON CITY SAVINGS BANK,
A federally chartered savings
bank organized and existing under
the laws of the State of Delaware,

    Plaintiff-Respondent,

v.

JAY J. LIN,
his/her heirs, devisees, and personal
representatives, and his,
her, their or any of their successors
in right, title and interest,

    Defendant,

and

IRENE H. LIN,
his/her heirs, devisees
and personal representatives, and his,
her, their or any of their
successors in right, title and
interest,

    Defendant-Appellant.

_____

Submitted May 22, 2018 — Decided August 1, 2018

Before Judges Sumners and Moynihan.

On appeal from Superior Court of New Jersey, Chancery Division, Somerset County, Docket No. F-029667-10.

Jay J. Lin, attorney for appellant.[1]

Parker McCay, PA, attorneys for respondent (Eugene R. Mariano, of counsel; Stacy L. Moore, Jr., on the brief).

PER CURIAM

In this residential foreclosure matter, defendant Irene Lin appeals from July 21, 2017 orders denying her motions to vacate summary judgment granted to plaintiff Hudson City Savings Bank (HCSB); and for sanctions in lieu of opposition to HCSB's motion for entry of final judgment. We affirm.

In 2007, defendants executed a mortgage to HCSB to secure a $680,000 note.[2] Defendants defaulted three years later, and on May 28, 2010, HCSB, through its then-attorney, Zucker Goldberg & Ackerman (Zucker Goldberg), initiated foreclosure proceedings. After HCSB's initial motion for summary judgment in 2011 was denied for procedural deficiencies, it refiled the motion in 2013. The foreclosure proceedings, however, were stayed due to defendants' bankruptcy filing until the stay was vacated in

_____

[1] Jay J. Lin represents his wife Irene Lin, and although he is a defendant, he is not a party to this appeal.

[2] HCSB has since merged with and been succeeded by M&T Bank; there is no challenge to M&T Bank's rights as HCSB's successor.

2015. Shortly thereafter, Zucker Goldberg filed for its own bankruptcy and HCSB retained current counsel.

In late 2016, HCSB moved again for summary judgment. Defendants were served the motion — at the same address they had been served at for the initial foreclosure complaint as well as all subsequent correspondence and filings — but did not submit opposition. On December 5, 2016, Judge Margaret Goodzeit entered an order, along with a written statement of reasons, granting HCSB's motion for summary judgment, striking defendants' answer as unresponsive, and returning the matter to the Office of Foreclosure as an uncontested foreclosure action.

Six months later, defendants filed a motion to vacate the court's summary judgment decision and a cross-motion seeking sanctions in lieu of opposition to HCSB's motion for entry of final judgment. In orders dated July 21, 2017, Judge Goodzeit denied the motions. In her statement of reasons, the judge initially noted that defendants' motion to vacate failed to specify the court rule they were relying upon but she treated it as a motion for reconsideration. Even though the motion was untimely under Rule 4:49-1 because it was filed well beyond twenty days after the December 5, 2016 order sought to be reconsidered, the judge addressed and rejected the entirety of the motion's claims.

Applying Rule 4:49-2, Judge Goodzeit declined to reconsider her summary judgment order because it was not based on plainly incorrect reasons, she had considered all evidence submitted, and there was no good reason to consider new evidence. The judge determined defendants' claim that HCSB was seeking foreclosure on a 2001 mortgage, and not the 2007 mortgage, was "without merit whatsoever." The judge found defendants' argument that Zucker Goldberg's bankruptcy prevented HCSB from obtaining foreclosure "is ill-conceived"; the law firm did not seek foreclosure, the bank did. And as for defendants' bankruptcy, the judge found that the stay to prosecute the foreclosure proceedings was lifted, giving HCSB the right to move for summary judgment. The judge also determined that, even though all court records belied Jay J. Lin's claim that the summary judgment motion was served on defendants at the wrong address, there was no certification that the motion was not received — "such deficiency [being] the death knell to his argument." In sum, Judge Goodzeit found there were "no arguments, case law, or facts to warrant reconsideration of" the summary judgment order.

Turning to defendants' cross-motion, the judge, noting defendants' certification was "almost identical [to] their

motion to vacate summary judgment", reasoned that they "provide no basis to impose sanctions on [HCSB] whatsoever."

In conclusion, Judge Goodzeit maintained that both motions lacked merit as defendants did not "provide any case law or an iota of evidence" in support, suggesting their effort was "a misplaced attempt to delay the inevitable."

Defendant argues:

> [POINT] I. THE TRIAL COURT ERRED IN ALLOWING PLAINTIFF AND ITS DEBT COLLECTORS VIOLATED THE AUTOMATIC STAY ORDER.
>
> [POINT] II. THE TRIAL COURT ERRED IN ALLOWING PLAINTIFF AND ITS DEBT COLLECTORS VIOLATED [THE] FDCPA.[3]
>
> [POINT] III. THE COURT SHOULD RELIEVE THE TRIAL COURT'S SUMMARY JUDGMENT AGAINST DEFENDANT FOR REASONS OF FRAUD, MISREPRESENTATION, AND MISCONDUCT OF PLAINTIFF AND ITS DEBT COLLECTORS.
>
> [POINT] IV. THE COURT SHOULD RELIEVE THAT TRIAL COURT'S SUMMARY JUDGMENT AGAINST DEFENDANT FOR REASONS OF THE JUDGMENT OR ORDER IS VOID.
>
> [POINT] V. THE COURT SHOULD RELIEVE THE TRIAL COURT'S SUMMARY JUDGMENT AGAINST DEFENDANT FOR REASONS OF MISTAKE.
>
> [POINT] VI. THE COURT SHOULD RELIEVE THE TRIAL COURT'S SUMMARY JUDGMENT AGAINST

---

[3] Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 to 1692p.

DEFENDANT FOR REASONS OF NEWLY DISCOVERED EVIDENCE WHICH WOULD ALTER THE JUDGMENT. (THE ISSUE WAS NOT RAISED BELOW).

[POINT] VII.    THE COURT SHOULD RELIEVE THE TRIAL COURT'S SUMMARY JUDGMENT AGAINST DEFENDANT FOR REASONS OF JUSTIFYING RELIEF FROM THE OPERATION OF THE JUDGMENT OR ORDER. (THE ISSUE WAS NOT RAISED BELOW).

In her reply brief, she argues:

[POINT] I.    THIS APPEAL MUST BE DECIDED ON THE MERITS.

[POINT] II.    THE TRIAL COURT ERRED IN ALLOWING PLAINTIFF AND ITS DEBT COLLECTORS VIOLATED THE AUTOMATIC STAY ORDER.

[POINT] III.    THE TRIAL COURT ERRED IN ALLOWING PLAINTIFF AND ITS DEBT COLLECTORS VIOLATED [THE] FDCPA.

[POINT] IV.    THE COURT SHOULD RELIEVE THE TRIAL COURT'S SUMMARY JUDGMENT AGAINST DEFENDANT FOR REASONS OF FRAUD, MISREPRESENTATION, AND MISCONDUCT OF PLAINTIFF AND ITS DEBT COLLECTORS.

[POINT] V.    THE COURT SHOULD RELIEVE THE TRIAL COURT'S SUMMARY JUDGMENT AGAINST DEFENDANT FOR REASONS OF THE JUDGMENT OR ORDER IS VOID.

[POINT] VI.    THE COURT SHOULD RELIEVE THE TRIAL COURT'S SUMMARY JUDGMENT AGAINST DEFENDANT FOR REASONS OF MISTAKE.

[POINT] VII.    THE COURT SHOULD RELIEVE THE TRIAL COURT'S SUMMARY JUDGMENT AGAINST DEFENDANT FOR REASONS OF NEWLY DISCOVERED EVIDENCE WHICH WOULD ALTER THE JUDGMENT.

[POINT] VIII.    THE COURT SHOULD RELIEVE THE TRIAL COURT'S SUMMARY JUDGMENT AGAINST

6

DEFENDANT FOR REASONS OF JUSTIFYING RELIEF
FROM THE OPERATION OF THE JUDGMENT OR ORDER.

Defendant's arguments are without sufficient merit to warrant discussion, R. 2:11-3(e)(1)(E), and we affirm substantially for the reasons expressed in Judge Goodzeit's cogent written decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5483-16T3